. KOCHMAN v. CHASE et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. APPEAL—REVIEW.
    On appeal from a judgment of nonsuit the plaintiff's testimony will be taken as true.

2. MASTER AND SERVANT—PERSONAL INJURIES—QUESTIONS FOR JURY.
    In an action for personal injuries sustained by an employé while operating machinery, whether or not he had been properly instructed as to its manner of operation and danger should be submitted to the jury, where he testified he was not.

Appeal from trial term, Montgomery county.

Action by Lewis Kochman against Isaac W. Chase and another to recover for personal injuries sustained through defendants' negligence. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Sullivan & Burke, for appellant.
L. A. Serviss, for respondents.

PER CURIAM. In this case we have not had the benefit of an oral argument to explain and make clear to us the evidence in the case, and the character and operation of the machinery used. As we have come to the conclusion that this case should be retried, it is perhaps better not to attempt to discuss the evidence and questions of fact involved, and thereby possibly prejudice either party upon a new trial. It does not appear to us from the evidence, as we understand it, that the manner of operating the machinery, and its dangers, were sufficiently explained to the appellant. From the manner in which this case was disposed of, we must, upon appeal, assume the version of the plaintiff to be the correct one, and his testimony was to the effect that he did not know of the presence of the knives which produced the injury. He was advised to remove the accumulation of material in front of the hole in the dark room. To do that it was

necessary for him to enter the room. It was an absolutely dark one, the hole only 18 inches from the floor. It was necessary for him to stoop and grope in the dark. The aperture was of considerable size. Being unapprised of the danger, or of the necessity or propriety of stopping the machine, it may be that the injury happened without any negligence upon his part contributing to it. And it seems to us that the question as to whether the plaintiff had been properly instructed as to the manner of operating the machine, and its dangers, and also as to whether these dangers were apparent, and as to whether he exercised due care and caution, should have been submitted to the jury.

The judgment should be reversed, and a new trial granted; costs to abide the event.